**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:23-CV-62122-GAYLES/AUGUSTIN-BIRCH**

**JACLYN CHURCHILL and**
**NICOLAS STEIN,**

      **Plaintiffs,**

**v.**

**WRIGHT NATIONAL FLOOD INSURANCE,**

      **Defendant.**

_____/

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS**

The Honorable Darin P. Gayles, United States District Judge, referred this case to the undersigned United States Magistrate Judge for a report and recommendation on dispositive issues. DE 15; DE 17 at 2.  The case now comes before the Court on Defendant Wright National Flood Insurance's Motion to Dismiss.  DE 11.  Plaintiffs Jaclyn Churchill and Nicolas Stein filed a Response to the Motion to Dismiss, and Defendant filed a Reply.  DE 14; DE 18.  The Court has carefully considered the parties' briefing and the record and is otherwise fully advised in the premises.  For the reasons set forth below, the Court recommends that the Motion to Dismiss be **GRANTED**.

**I.        Plaintiffs' Allegations**

Plaintiffs allege in their Complaint that they own real property in Hollywood, Florida that was insured under a Standard Flood Insurance Policy ("SFIP") that Defendant issued.  DE 1 ¶¶ 2–5.  Under the SFIP, "Defendant agreed to compensate the Plaintiffs for any direct physical loss to the insured property resulting from or due to a 'flood' as defined within the" SFIP up to the

coverage limit of $250,000. *Id.* ¶¶ 5–6. Defendant issued the SFIP through the Federal Emergency Management Agency's ("FEMA") "Write Your Own" ("WYO") program. *Id.* ¶ 4. Under the WYO program, Defendant is "responsible for arranging the adjustment, settlement, payment, and defense of all claims arising under the" SFIP, but FEMA "actually receives and retains all of the premium paid for the Plaintiffs' SFIP (less fees) and is responsible for any and all payments which may be due under the [SFIP], including costs of defense incurred by" Defendant. *Id.* (quotation marks omitted). Defendant "has no financial interest in this action," as any judgment "will be a judgment against FEMA and will be paid by FEMA from US Treasury funds." *Id.* The terms of the SFIP are those set forth in 44 C.F.R. Pt. 61, App'x A(1), which Plaintiffs incorporate into their Complaint by reference. *Id.* ¶ 5.

Plaintiffs further allege that, "[o]n or about April 12, 2023, historic flash flooding directly impacted the Plaintiffs' property," causing "significant physical damage to their building and other losses" while the SFIP was in effect. *Id.* ¶¶ 7, 10. Plaintiffs "informed the Defendant of the damages sustained and filed a claim." *Id.* ¶ 8. A representative of Defendant inspected the property, and Plaintiffs received an insurance payment for their loss. *Id.* However, that payment "did not adequately reflect the extent of the damages [Plaintiffs] suffered." *Id.* ¶ 9. "On or about June 14, 2023, in compliance with their SFIP . . . the Plaintiffs submitted an expanded repair estimate and a Proof of Loss to the Defendant, detailing the costs to repair all flood damage in accordance with the" SFIP, and they "requested additional payment." *Id.* "Defendant has failed to remit the full compensation due and owing under the" SFIP, and Plaintiffs therefore brought this case for breach of contract. *Id.* ¶ 11.

## II.    Legal Standards

A court may grant a motion to dismiss a pleading if the pleading fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A court ruling on a Rule 12(b)(6) motion to dismiss accepts the well-pled factual allegations as true and views the facts in the light most favorable to the plaintiff.  *Jones v. Fransen*, 857 F.3d 843, 850 (11th Cir. 2017).  A court should grant a motion to dismiss only when the pleading fails to contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Dismissal is also "proper when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  *Allen v. USAA Cas. Ins. Co.*, 790 F.3d 1274, 1278 (11th Cir. 2015) (quotation marks omitted).

A court ruling on a motion to dismiss generally should not consider anything beyond the face of the complaint and any documents attached to it.  *Edwards v. Dothan City Schs.*, 82 F.4th 1306, 1311 (11th Cir. 2023).  If the court considers matters outside of the pleadings, the court should treat the motion to dismiss as a motion for summary judgment.  Fed. R. Civ. P. 12(d).  However, the court may consider outside documents that are attached to the motion to dismiss without treating the motion as one for summary judgment "when: (1) the plaintiff mentions the document(s) at issue in the complaint; (2) the document is central to the claim; and (3) the contents are not in dispute, *i.e.*, the document's authenticity is unquestioned."  *Edwards*, 82 F.4th at 1311; *see also Luke v. Gulley*, 975 F.3d 1140, 1144 (11th Cir. 2020) ("Under the doctrine of incorporation by reference, we may also consider documents attached to the motion to dismiss if they are referred to in the complaint, central to the plaintiff's claim, and of undisputed

authenticity." (quotation marks omitted)).  A document is central to a plaintiff's claim if he would need to offer a copy of the document to prove his case.  *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284–85 (11th Cir. 2007).

### III.     Analysis

The National Flood Insurance Act of 1968 authorized FEMA's Administrator "to establish and carry out a national flood insurance program which will enable interested persons to purchase insurance against loss resulting from physical damage to or loss of real property or personal property related thereto arising from any flood occurring in the United States."  42 U.S.C. § 4011(a).  The WYO program is conducted pursuant to this authorization.  Under the WYO program, "the Federal Insurance Administrator may enter into arrangements with individual private sector property insurance companies or other insurers," called "WYO Companies." 44 C.F.R. § 62.23(a), (b).  A WYO Company "may offer flood insurance coverage under the [WYO] program to eligible applicants."  *Id.* § 62.23(a).  The relationship between the Federal Government and a WYO Company is "one of a fiduciary nature," where the Federal Government is "a guarantor" and the WYO Company is "a fiscal agent of the Federal Government."  *Id.* § 62.23(f), (g).  "A WYO Company issuing flood insurance coverage shall arrange for the adjustment, settlement, payment and defense of all claims arising from policies of flood insurance it issues under the [WYO] Program, based upon the terms and conditions of the [SFIP]."  *Id.* § 62.23(d); *see* 44 C.F.R. Pt. 61, App'x A(1) (providing the SFIP terms and conditions for a dwelling).  Payment of claims under the flood insurance coverage is made from a National Flood Insurance Fund in the United States Treasury.  42 U.S.C. § 4017(a), (d).

An "insured must adhere strictly to the requirements of the [SFIP] before any monetary claim can be awarded against the government."  *Sanz v. U.S. Sec. Ins. Co.*, 328 F.3d 1314, 1317–

18 (11th Cir. 2003) (agreeing with five other Circuits that had held similarly); *see also Shuford v. Fid. Nat'l Prop. & Cas. Ins. Co.*, 508 F.3d 1337, 1343 (11th Cir. 2007) (stating that "strict compliance with the provisions of federal flood insurance policies is required because payments are drawn from the federal treasury"). "[N]ot even the 'temptations of a hard case' should cause courts to read the requirements of a federal insurance contract with 'charitable laxity.'" *Sanz*, 328 F.3d at 1318 (quoting *Fed. Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 386 (1947)). No provision of the SFIP "shall be altered, varied, or waived other than by the express written consent of the Federal Insurance Administrator through the issuance of an appropriate amendatory endorsement, approved by the Federal Insurance Administrator as to form and substance for uniform use." 44 C.F.R. § 61.13(d).

One of the SFIP conditions is that "[w]ithin 60 days after the loss," an insured must send a signed and sworn proof of loss, which is a statement of the amount the insured is claiming under the SFIP and includes, among other information, the date and time of loss. 44 C.F.R. Pt. 61, App'x A(1), Art. VII(G)(4). "[F]ailure to file a proof of loss within 60 days without obtaining a written waiver of the requirement eliminates the possibility of recovery" under a SFIP. *Sanz*, 328 F.3d at 1319; *see also Shuford*, 508 F.3d at 1343 (stating that "failure to file a proof of loss bars recovery absent an express written waiver of the proof-of-loss requirement"). In its Motion to Dismiss, Defendant contends that Plaintiffs did not send a proof of loss within 60 days after their loss and, as they did not comply with a condition of the SFIP, they are not entitled to any additional insurance payment and cannot maintain their breach-of-contract claim against Defendant.

Plaintiffs did not attach their proof of loss to their Complaint. Defendant attached the proof of loss to its Motion to Dismiss. DE 11-3. Despite being a document outside of the Complaint, the Court can consider the proof of loss for the purpose of ruling on the Motion to Dismiss.

*See Edwards*, 82 F.4th at 1311 (providing the circumstances under which a court may consider documents outside of the pleadings when ruling on a motion to dismiss). Plaintiffs mentioned the proof of loss in their Complaint. DE 1 ¶ 9 (Complaint allegation that Plaintiffs complied with their SFIP by "submitt[ing] an expanded repair estimate and a Proof of Loss to the Defendant, detailing the costs to repair all flood damage in accordance with the policy"). The proof of loss is central to Plaintiffs' claim that Defendant breached the SFIP, as it is their contention that Defendant breached the SFIP by failing to pay the amount claimed in the proof of loss after receiving the proof of loss and as there could be no breach if Plaintiffs did not send a proof of loss. Finally, Plaintiffs have not disputed the authenticity of the proof of loss filed at docket entry 11-3. In fact, Plaintiffs attached the same proof of loss to their Response, and they rely on it to oppose dismissal. *See* DE 14-2.

The proof of loss shows that Plaintiffs signed it on June 14, 2023, "under penalty of perjury that [its contents were] true and correct." DE 11-3. According to the proof of loss, Plaintiffs' date of loss was April 12, 2023.[1] *Id.*

Sixty days after April 12, 2023, was June 11, 2023, a Sunday.[2] Even if the Court were to assume, without finding, that Plaintiffs had an additional day to send their proof of loss due to the deadline falling on a weekend, Plaintiffs did not send a signed and sworn proof of loss by June 12, as they signed their proof of loss on June 14.

---

[1] Plaintiffs alleged dates more imprecisely in the Complaint, stating that flooding impacted their property "[o]n or about April 12, 2023," and that they sent their proof of loss "[o]n or about June 14, 2023." DE 1 ¶¶ 7, 9. The dates in the proof of loss control over the imprecise pleading. *See Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009) ("It is the law in this Circuit that when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." (quotation marks omitted)).

[2] The Court can take judicial notice of the calendar for year 2023. *See* Fed. R. Evid. 201(b)(2) (permitting a court to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *Walker v. Indian River Transp. Co.*, 741 F. App'x 740, 743 n.3 (11th Cir. 2018) (taking judicial notice of a calendar).

Plaintiffs nevertheless raise two arguments why their proof of loss was timely and their Complaint should not be dismissed.  First, Plaintiffs contend that the "storm event that caused the flooding occurred from April 12, 2023 through April 14, 2023," and therefore their deadline to send a proof of loss was 60 days after April 14.  DE 14 at 1–2, 4.  Regardless of how long the storm event lasted, Plaintiffs stated in their proof of loss, signed under penalty of perjury, that *their* date of loss was April 12, 2023.  They did not state that their date of loss was April 14 or April 12 through April 14.  Using the date of loss that they declared, their proof of loss was untimely.  The District Court could, at its discretion, allow Plaintiffs an opportunity to amend their Complaint to plead that, despite declaring under penalty of perjury a date of loss of April 12, their date of loss was a different date.  *See Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc) (holding that it is discretionary whether a court grants a plaintiff leave to amend a complaint when the plaintiff is represented by counsel and never moved to amend or requested leave to amend).

As their second reason why their proof of loss was timely and their Complaint should not be dismissed, Plaintiffs assert that communications from the field adjuster and the public adjuster operated to extend their deadline to send a proof of loss.  DE 14 at 2–4.  As authority for a proposition that an adjuster's actions or communications can extend a proof-of-loss deadline, Plaintiffs cite to *Shuford v. Fidelity National Property & Casualty Insurance Co.  Id.* at 3.  In *Shuford*, the Federal Insurance Administrator had waived the 60-day proof-of-loss deadline and imposed a one-year proof-of-loss deadline following a hurricane.  508 F.3d at 1339–40 ("After the hurricane, the Administrator created a system for expedited payments of claims and, for contested claims, waived the 60-day deadline for a proof of loss and instead imposed a one-year deadline[.]").  The waiver at issue in *Shuford* complied with 44 C.F.R. § 61.13(d), which states

that only the Federal Insurance Administrator can alter, vary, or waive a provision of the SFIP. 44 C.F.R. § 61.13(d) (stating that no provision of the SFIP "shall be altered, varied, or waived other than by the express written consent of the Federal Insurance Administrator through the issuance of an appropriate amendatory endorsement"); *see also Sanz*, 328 F.3d at 1319 (holding that an appellant's "failure to file a proof of loss within 60 days without obtaining a written waiver of the requirement [from the Federal Insurance Administrator] eliminates the possibility of recovery" under a SFIP).  Plaintiffs do not contend that they obtained a waiver or extension of the proof-of-loss deadline from the Federal Insurance Administrator.  *Shuford* does not support a proposition that any other individual, such as an adjuster, can waive or extend the proof-of-loss deadline, and 44 C.F.R. § 61.13(d) explicitly prohibits anyone else from altering that deadline. Plaintiffs' argument that adjuster communications operated to extend their deadline to send a proof of loss is without merit.[3]

## IV.  CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Defendant's Motion to Dismiss [DE 11] be **GRANTED**.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a).  The parties are hereby notified that a failure to

---

[3] *Shuford* also addressed whether a WYO Company may act in such a way as to be equitably estopped from raising the untimeliness of a proof of loss as a defense.  508 F.3d at 1342–43.  The Eleventh Circuit explained that the "Supreme Court has held that equitable estoppel is unavailable in a claim against the government for funds from the public treasury." *Id.* at 1342–43 (citing *Off. of Personnel Mgmt. v. Richmond*, 496 U.S. 414 (1990)).  The Eleventh Circuit stated further that, even if equitable estoppel arguably was available in a lawsuit for payment under a SFIP, the WYO Company's actions would need to rise to the level of affirmative and egregious misconduct for equitable estoppel to apply. *Id.* at 1343; *see also Sanz*, 328 F.3d at 1319–20 ("The Supreme Court's decisions indicate that even if estoppel is available against the Government, it is warranted only if affirmative and egregious misconduct by government agents exists.").  Plaintiffs do not make an equitable estoppel argument, much less maintain that Defendant engaged in affirmative and egregious misconduct.

timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2014).

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 28th day of February, 2024.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE